IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GENE M.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:20-cv-00327 |
| ) | |
| KILOLO KIJAKAZI, Acting ) | By:  Elizabeth K. Dillon |
| Commissioner, Social Security ) |       United States District Judge |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gene M. brought this action for review of the final decision made by defendant, Acting Commissioner of the Social Security Administration, denying his application for disability insurance benefits under the Social Security Act. (Complaint, Dkt. No. 2.) Both parties moved for summary judgment (Dkt. Nos. 13, 15), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motions to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On August 5, 2021, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 19.) Gene M. filed objections on August 19, 2021. (Dkt. No. 20.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–7.) Briefly, the Administrative Law Judge (ALJ) found that plaintiff suffered from the severe impairments of coronary artery disease, chronic obstructive pulmonary disease (COPD), obesity, and hyperlipidemia. (Tr. 17.) After finding that plaintiff's impairments did not meet or equal any listed impairments, the ALJ reasoned that plaintiff retained the residual functional capacity (RFC) to perform a limited range of light work. The work must allow for at least two hours of sitting per day. Plaintiff can occasionally balance and have occasional exposure to temperature extremes, humidity, pulmonary irritants, and hazards. Finally, plaintiff can have no exposure to unprotected heights, such as ladders, ropes, or scaffolds. (Tr. 22.)

Based on this RFC finding and the testimony of a vocational expert, the ALJ concluded that plaintiff could perform jobs that exists in significant numbers in the national economy, such as checker, ticket seller, addressing clerk, and production assembler. (Tr. 29.) Thus, the ALJ found that plaintiff was not disabled within the meaning of the Social Security Act.

## II. DISCUSSION

### A. Standard of Review

This court's review of the ALJ's underlying decision is limited. *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a

"large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7

3

(E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *see also Hammack v. Berryhill*, Civil Action No. 7:16cv00314, 2017 WL 4203545, at *2 (W.D. Va. Sept. 21, 2017) ("A plaintiff who reiterates her previously raised arguments will not be given 'the second bite at the apple she seeks'; instead, her re-filed brief will be treated as a general objection, which as the same effect as would a failure to object.") (quoting *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008)).

### B. Gene M.'s Objections to the R&R

In his summary judgment brief, Gene M. argued that the ALJ's RFC findings as well as his assessment of Gene M.'s subjective allegations are not supported by substantial evidence. (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J. 18–22, Dkt. No. 14.) In many, if not most, respects, Gene M.'s objections are a restatement of his summary judgment arguments. It is not necessary for the court to address the exact arguments raised before, and thoroughly addressed by, the magistrate judge. The court will, however, address the following objections.

Plaintiff argues that the magistrate judge "ignored the fact that the ALJ's ultimate RFC findings are unclear as to exactly how much sitting is to be performed." Plaintiff argues that, without that specification, it is unclear whether plaintiff could engage in the two sedentary positions proposed by the vocational expert. The magistrate judge explained that the regulations assume a person deemed capable of light work can perform sedentary work as well unless there are additional limiting factors. *See* 20 C.F.R. § 404.1567(b). The magistrate judge noted the absence of any objective or subjective evidence in the record showing the plaintiff is unable to sit

for long periods of time. (R&R 9.) Rather, "the ALJ relied on several medical opinions in determining the RFC, all of which suggested Gene could sit for long periods of time." (R&R 9 (citing Tr. 26–27, 112, 128, 951).) The ALJ relied on state agency physicians who suggested plaintiff could sit *or* stand for six hours in an eight-hour day and the fact that Gene "denie[d] limitations with sitting…." (*Id.* (citing Tr. 26–27, 112, 128, 946).) Thus, the magistrate judge did not err in finding that the ALJ's RFC was sufficient without specifying exactly how much sitting could be performed.

The plaintiff argues that the magistrate judge erred in concluding that the ALJ sufficiently analyzed as part of the RFC whether plaintiff would need more than "normal breaks" during the workday. Plaintiff argues that evidence in the record shows plaintiff testified to experiencing fatigue that necessitates taking breaks throughout the day. The ALJ considered that testimony; however, the ALJ also considered evidence inconsistent with those allegations. The ALJ considered and gave significant weight to the opinion of Dr. Obi, the claimant's physical examiner, who opined that plaintiff could complete a full workday with "normal breaks." The ALJ also gave partial weight to Dr. Gardner, who suggested plaintiff "was able to complete a normal workday and workweek." The ALJ also considered that, despite the plaintiff's complaints of fatigue, during the post-hearing physical consultative examination, plaintiff had no fatigue. (Tr. 24; *see also* Tr. 948, 787, 862, 872.) The plaintiff takes issue with the R&R's reference to the lack of any "complaint to treating providers of difficulty maintaining concentration, persistence, or pace" when considering plaintiff's complaints about fatigue and need for breaks. But, as the ALJ pointed out, this area "considers the individual's…ability to work a full day without needing more than the allotted number or length of rest periods customarily provided." (Tr. 19.) After considering the relevant medical evidence, the ALJ

5

found the plaintiff has only mild limitations in this area. (*Id.* at 19–20.) The ALJ's finding that plaintiff could perform a workday with only normal breaks is supported by substantial evidence.

Finally, plaintiff argues the ALJ failed to properly evaluate the plaintiff's subjective allegations in making his decision, specifically that the ALJ did not "build a logical bridge" between the evidence and his conclusion. The ALJ concluded that while "[plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; [plaintiff's] statements concerning the intensity, persistence, and limiting effects…are not entirely consistent with the medical evidence and other evidence…." (Tr. 25.) As noted in the R&R, "the ALJ carefully addressed" plaintiff's subjective allegations but considered a multitude of medical evidence or other evidence. (R&R 13.) The ALJ's opinion discusses plaintiff's complaints of chest pain, shortness of breath, fatigue that causes him to lie down, and an inability to sit and stand. (Tr. 22–27.) The ALJ explicitly considered these symptoms in making the determination that any work must allow for at least two hours of sitting. (Tr. 27.) Despite these allegations, the ALJ noted that plaintiff's symptoms resolved quickly with treatment (Tr. 25); plaintiff denied some of these symptoms on multiple occasions (Tr. 23–24); and the medical opinions of Dr. Obi, Dr. Goldstein, state agency physicians, and consultative examiners were consistent with the exertional level specified in the RFC (Tr. 26–27). The ALJ did not fail to adequately consider plaintiff's subjective allegations.

### III.  CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 19) is ADOPTED;

2. Plaintiff's objections (Dkt. No. 20) are OVERRULED;

3. The Commissioner's motion for summary judgment (Dkt. No. 15) is GRANTED;

4. Plaintiff's motion for summary judgment (Dkt. No. 13) is DENIED; and

5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: September 30, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge